Francisco León
**LAW OFFICE OF FRANCISCO LEÓN**
8987 E. Tanque Verde Rd.
Suite 309, PMB 432
Tucson, Arizona 85749-9610
Az. Bar: 006578
TEL 520-305-9170
TEL 520-465-3000
FAX 520-340-6437
azcrimlaw@gmail.com
Attorney for Navarro

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,** | 4:21-cr-003237-SHR-BGM |
| Plaintiff, | |
| vs. | **MOTION FOR VARIANCE AND SENTENCING MEMORANDUM** |
| **Alejandra Carina Navarro,** | (Sentencing: August 2, 2022 at 10:40 a.m.) |
| Defendant. | |

It is expected that excludable delay under 18 U.S.C. §3161 et seq. may occur because of this motion or from an order based thereon.

Defendant Alejandra Carina Navarro, by and through her counsel, moves the Court to vary from the calculated Sentencing Guidelines calculation in the Presentence Report and impose a sentence of "time-served." This motion is supported by the following Memorandum of Points and Authorities.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. RELEVANT FACTS.

On November 23, 2021, Alejandra Carina Navarro and Pedro Antonio Mata were arrested after Border Patrol agents stopped to assist an Arizona Department of Public Safety ("DPS") trooper investigating an automobile roll-over near Naco, Arizona.

The DPS trooper had attempted to stop the vehicle which was being driven by Navarro. The vehicle veered across the road and rolled over hitting a telephone pole. Law enforcement officers determined Navarro and Mata were United States citizens and the four passengers were undocumented aliens. In post-arrest statements, Navarro and Mata admitted travelling to Naco, Arizona to pick up undocumented aliens. Fortunately, no one was injured in the roll-over.

After investigation, Alejandra Carina Navarro was arrested and charged in state court by direct information with unlawful flight, endangerment, and criminal damage in Cochise Superior Court, in Bisbee, Arizona. The factual allegations in the direct information were the events and conduct of November 23, 2021. Navarro remained in custody in Cochise County from her arrest on November 23, 2022, for the next 60 days.

Cochise County offered Navarro a plea agreement to amended charges of endangerment and criminal damage.

On January 12, 2022, Navarro was sentenced by Cochise Superior Court Judge Timothy Dickerson on each count to standard probation for three (3) years on condition that Navarro serve sixty (60) days in the Cochise County Jail. Navarro was released from Cochise County on January 22, 2022. Navarro remains on probation to this date.

In United States District Court, Navarro and Mata were charged on December 22, 2021, in a three-count indictment in this case. Doc. 10.

On March 24, 2022, Navarro pleaded guilty to Count I of the indictment pursuant to a written plea agreement. Doc. 32.

The Draft Presentence Investigation Report assessed two (2) criminal history points for Navarro's state court conviction for endangerment and criminal damage. The Draft Presentence Investigation Report also applied a 6-level enhancement as a Specific Offense Characteristic to the Base Offense Level with the following explanation:

> The offense level is increased to 18 as the offense involved intentionally or recklessly [creating] a substantial risk of death or serious bodily injury to another person as the defendant failed to yield during a traffic stop. Navarro crossed oncoming traffic lanes and hit a telephone pole at a high rate of speed causing the vehicle to roll over onto its roof. USSG §2L1.1(b)(6) and comment. (n.3).

Draft Presentence Investigation Report, ¶ 17.

Paragraph 27 of the Draft Presentence Investigation Report applied two Criminal History points based on Navarro's convictions for endangerment and criminal damage. The entry notes that "[t]his arrest stemmed from the instant offense." Draft Presentence Investigation Report, ¶ 27.

Navarro has objected to the application of both the two criminal history points and the 6-level specific offense characteristic under U.S.S.G. § 2L1.1(b)(6) citing **United States v. Rivera-Gomez**, 626 F.3d 1129 (9th Cir. 2010). Doc. 43.

Under the Sentencing Guidelines, Navarro now moves to have any sentence imposed in this case adjusted for the time she has served in state custody and moves to have any sentence imposed run concurrently with her undischarged state sentence.

Navarro also submitted the following Sentencing Memorandum in support of her request for a sentence of "time-served," followed by a term of supervised release or a sentence of probation for two years.

## II. LAW AND ARGUMENT.

Section 5G1.3 of the United States Sentencing Guidelines, specifically provides the way the federal sentence should be imposed on a defendant subject to an undischarged term of imprisonment. U.S.S.G. § 5G1.3. Section 5G1.3(b) provides for the imposition of a concurrent sentence when certain conditions are met.

Specifically, § 5G1.3(b) provides:

> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

Subsection (a) does not apply here because, at the time this offense was committed, Navarro was not serving a term of imprisonment, nor had she been sentenced in this case.

In **Witte v. United States**, 515 U.S. 389, 405 (1995), the Supreme Court stated that U.S.S.G. § 5G1.3 "attempts to achieve some coordination of sentences imposed in situations where a crime committed by the same defendant is not prosecuted in the same proceeding. The

objective is to have punishments approximate the total penalty which would have been imposed had the sentences for different offenses been imposed at the same time.  See U.S.S.G. 5G1.3, comment., n. 3.

Although the Sentencing Guidelines are advisory and the sentencing court has no obligation to impose a concurrent sentence, even if § 5G1.3 applies, the district court must still consider what the Guidelines suggest.  **United States v. Namia**, 724 F.3d 824, 830 (7th Cir. 2013).

The procedure set forth in U.S.S.G. § 5G1.3 ensures that an accused's criminal history will not be overstated "by counting the same conduct in the offense level calculation and again in the criminal history calculation."  **United States v. Cruz-Gramajo**, 570 F.3d 1162, 1170 (9th Cir. 2009).

Here, Navarro's Cochise County conviction for endangerment and criminal damage is based on conduct which occurred when Navarro committed the offense of conviction in this case.  The conduct underlying the Cochise County conviction is "relevant conduct" under the definition of relevant conduct set forth in U.S.S.G. § 1B1.3.  Navarro is still serving a three-year term of probation following the 60-day jail sentence imposed in Cochise County.

Under U.S.S.G. § 5G1.3, this Court should find that the 60-day term of imprisonment imposed by the Cochise County Court resulted from the convictions for endangerment and criminal damages which is relevant conduct to the offense of conviction in this case.  This Court should find also that the 60-day prison sentence will not be credited to any federal sentence by the Bureau of Prisons.  Under 18 U.S.C. § 3585(b), the Bureau of Prisons cannot credit a defendant with time served on his federal sentence for time in which he is incarcerated in a state facility on state charged.  A federal

sentencing court has no authority to order the Bureau of Prisons to award a defendant credit for time served in state custody. **United States v. Wilson**, 503 U.S. 329, 333 (1992); **Taylor v. Reno**, 164 F.3d 440, 445-47 (9th Cir. 1988). Section 5G1.3 provides the only means of crediting Navarro for the state sentence for "relevant conduct."

Accordingly, this Court should adjust any sentence imposed in this case by crediting Navarro with her 60-day Cochise County sentence and with her three-year sentence of probation. In addition, when she was arrested on these federal charges, Navarro served an additional three (3) days in federal custody before she was released on conditions of release. In summary, Navarro has served 63 days in custody for the relevant conduct which underlies her state and federal convictions. Finally, this Court should order than any sentence imposed in this case should run concurrently with the remainder of Navarro's undischarged sentence in Cochise County.

Navarro is statutorily eligible for a term of probation, although the advisory Sentencing Guidelines advise against probation for defendants in zone D of the Sentencing Table, the sentencing court may depart downward and impose probation as a sentence. **United States v. Dubon**, 541 F.3d 391 (5th Cir. 2008).

Such a sentence would coordinate the state and federal sentences in this case where Navarro has been prosecuted for the same relevant conduct in both state and federal courts.

### III.  SENTENCING MEMORANDUM

Alejandra Carina Navarro is a 21-year-old woman charged with her first federal felony offense.[1]  Prior to November 21, 2021, Alejandra had no prior criminal record at all.

She has performed well while on pretrial release and, although she has used alcohol and marijuana, such use has not resulted in any personal or legal issues for her.  She has submitted clear urinalysis reports during her release.  This is remarkable considering that her family history.

She is the youngest of three children in a family which disintegrated when she was only two years old.  Alejandra and her older brother and sister were raised primarily by her father.  Although her parents divorce when she was only two was very disruptive and her relationship with her father was difficult, she now has a good relationship with her father and her stepmother.

Her older brother is in the United States Army, serving in Texas.

Her older sister and her biological mother have a history of substance abuse and criminal activity.  Her biological mother is serving an 8-year sentence in Arizona state prison for controlled substances convictions and is scheduled for release in 2023.  She has been largely absent from Alejandra's life but continues to provide moral support for Alejandra.

---

[1] Although the Presentence Report states this is Navarro's third felony conviction, it correctly notes that all three felonies resulted from the same "relevant conduct"—the events of November 23, 2021.  The way the Presentence Report analyzes Navarro's Criminal History overstates her criminal history.  See Doc. 43.

7

The divorce and her biological mother's prison sentence was, in part, the reason, Alejandra moved out of her home when she was only 16 years old.  She lived with an aunt who has provided stability.  Alejandra has worked, primarily in food service jobs but more recently has been employed as a front desk receptionist at a medical center in Prescott, Arizona.  She has also worked in her father's trucking business washing truck and running errands.

Alejandra is sincerely remorseful for her conduct in this case.  She is deeply sorry that she placed other's lives in danger and feels that she has "ruined" her own life.  Alejandra's co-defendant Pedro Mata encouraged Alejandra to drive the vehicle while he coordinated with the alien smugglers where to go to pick up the undocumented aliens.

Nonetheless, Alejandra is hopeful she will be able to return to school (she is a high school graduate) and, someday, open her own business.  She hopes to follow her father's example; he owns four businesses in Yavapai County.

She has substantial community support from her family, friends, and employers.  Letters in mitigation of sentencing are being submitted to the Court under separate cover.

## IV.   CONCLUSION.

For the reasons set forth in Navarro's Objections to the Presentence Report, Doc. 43 and the Motion for Variance, this Court should recalculate Navarro's Sentencing Guidelines and adjust any sentence as provided in U.S.S.G. § 5G1.3.

For the reasons set forth in the Sentencing Memorandum, this Court should vary from the Sentencing Guidelines calculation and impose a sentence of time-served or a sentence of probation.

**RESPECTFULLY SUBMITTED** on this 14th day of August 2022.

**LAW OFFICE OF FRANCISCO LEÓN**

*/s/ Francisco León*

Francisco León

**CERTIFICATE OF SERVICE**

_X___ I hereby certify that on August 14, 2022, I electronically transmitted the attached document to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Hon. Scott H. Rash
United States District Judge

Hon. Bruce G. Macdonald
United States Magistrate Judge

Brian Hopkins
Assistant United States Attorney

Anthony J. Knowles
Counsel for co-defendant Mata

_X___ I hereby certify that on August 14, 2022, I served the attached document by U.S. Mail on the following, who is not a registered participant in the ECF system:

Alejandra Carina Navarro